JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, Kirk Steele, appeals the imposition of consecutive sentences by the Cuyahoga County Court of Common Pleas, Criminal Division. For the following reasons, we hereby affirm the sentence of the lower court.
 {¶ 2} This instant case stems from appellant, Kirk Steele ("Steele"), breaking into several parked vehicles in Cleveland Heights on January 9, 2002 at about 10:18 p.m. Steele was extremely intoxicated at the time and stole items from these vehicles.
 {¶ 3} On February 14, 2002, Steele was indicted by the Cuyahoga County Grand Jury on three counts of breaking and entering, in violation of R.C. 2911.13, and three counts of counts of theft, in violation of R.C. 2913.02. All counts were felonies of the fifth degree. On May 8, 2002, Steele pleaded guilty to amended count one, breaking and entering, and count six, theft.[1]
 {¶ 4} On June 5, 2002, Steele was sentenced to eight months incarceration on count one and eight months on count six. Both counts were to be served consecutively for a total of sixteen months incarceration.
 {¶ 5} Steele appeals his sentence and presents one assignment of error for our review:
 {¶ 6} "The appellant's sentence is contrary to Ohio law in that the consecutive sentences were imposed in violation of R.C. 2929.14(E)(4)."
 {¶ 7} Appellant alleges the lower court failed to address the required statutory factors under R.C. 2929.14(E)(4) for consecutive sentences. In particular, the lower court failed to address the proportionality aspect of R.C. 2929.14(E)(4) and R.C. 2929.11(B).
 {¶ 8} Appellee, the State of Ohio, contends the lower court complied with the dictates of Ohio law.
 {¶ 9} "R.C. 2929.19(B)(2)(C) requires a court to make a finding and give its reasons when imposing consecutive sentences. Moreover, R.C.2929.14(E)(4) provides the circumstances where consecutive sentences are proper:
 {¶ 10} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The multiple offenses were committed while the defendant was awaiting trial or sentence, or was under a sentence, or was under a sentence which imposed community control sanctions or post-release control for a prior offense;
 {¶ 12} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} R.C. 2929.11 sets forth the purposes of felony sentencing and enunciates the proportionality principle for sentencing:
 {¶ 15} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 16} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 17} Both statutory sections R.C. 2929.14(E)(4) and R.C.2929.11(B) work together to achieve the General Assembly's intent of punishing the offender and protecting the public. State v. Bolton (Sept. 5, 2002), Cuyahoga App. No. 80263. However, a distinction exists between the two statutes.
 {¶ 18} This court in Bolton stated, "While R.C. 2929.14(E)(4) demands the trial court make findings on the record to evidence the proportionality of consecutive sentences, R.C. 2929.11 entails no such burden. The reason for this disparity is clear from the construction of Senate Bill 2. As we previously noted, R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts via application of sections such as R.C.2929.14(E)(4).
 {¶ 19} R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to achieve. Upon reviewing the record, this court finds the lower court did not recite the exact words of R.C. 2929.14(E)(4), but did address the seriousness of Steele's conduct and provided the required reasons, as mandated by the statute. This court, in State v. Franklin, previously held, "[W]hile the court did not expressly describe the consecutive sentences, as terms necessary and not disproportionate to describe the consecutive sentences, the tenor of its comments, its findings, and the evidence are sufficient to impose such a sentence." (May 10, 2001) Cuyahoga App. No. 77385.
 {¶ 20} The sentencing commenced with a statement from one of the victims, Ms. Greenberger, who provided a detailed account of the impact Steele's crime spree had upon herself and her neighborhood. She stated, "I would just like to state for the record that the neighborhood in which we reside had always been a cohesive neighborhood, and we always felt very safe there, and we do not condone anything that defendant did; and were I to be asked what I think should happen, my request would be that he is not permitted out to do this anymore."
 {¶ 21} The court directly addressed the victim's concerns about the seriousness of Steele's conduct. The court further addressed the issue that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and described the seriousness of Steele's conduct by listing the items stolen from the victims. The lower court further described the impact that Steele's conduct had upon the various victims by stating, "[T]here's a small consolation to somebody who should be able to live in an organized society and keep their own property free from anybody stealing it or breaking in * * *."
 {¶ 22} The court thoroughly described Steele's past criminal history, which included: a conviction for theft in Cleveland Heights on January 18, 1984; a conviction for forgery and receiving stolen property on June 8, 1987; a probation violation on March 20, 1989; a conviction for aggravated burglary on February 16, 1989, for which Steele was sentenced to 25 years in the penitentiary, but ultimately received shock probation; a probation violation on June 19, 1991; a probation violation on January 13, 1992; and a conviction for soliciting drug sales on September 27, 1996.
 {¶ 23} The lower court described Steele as a likely recidivist. This comment expounds upon the danger Steele poses to the public. The lower court additionally addressed prior attempts of the justice system to rehabilitate Steele, which ultimately failed. Thus, the lower court did engage in a meaningful analysis under the statute and considered the purposes and principles of R.C. 2929.14(E)(4) and R.C. 2929.11 in sentencing Steele.
 {¶ 24} Although the language of R.C. 2929.14(E)(4) was not recited verbatim, it is patently clear the lower court considered the proportionality analysis mandated under R.C. 2929.14(E)(4), presented its reasons, and fulfilled its duty under the law.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., concur.
[1] Both counts one and six were amended to include the names of the victims.